IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARIUS HILL,                          :
2244 Savannah Terrace #23 SE     :
Washington, D.C. 20020            :
           Plaintiff                  :
                                 :
                                 :
              v.                        :
DISTRICT OF COLUMBIA         :
A Municipal Corporation            :
One Judiciary Square                 :
441 Fourth Street, N. W.            :
Washington, D.C. 20001            :
                                 :
serve:                                :
                                 :     Civil Action No:
ADRIAN FENTY, Mayor            :
District of Columbia                   :
1350 Pennsylvania Avenue, N. W., 5th Fl. :
Washington, D.C. 20002            :
                                 :
LINDA SINGER                     :
Attorney General                      :
1350 Pennsylvania Avenue, N. W.,     :
Ste. 409                                 :
Washington, D.C. 20004            :
           and                       :
                                 :
MICHELLE RHEE (officially)       :
Chancellor, D.C. Public Schools      :
825 North Capitol St., N. E., Suite 9026 :
Washington, D.C. 20002            :
                                 :
**Defendants**                             :

**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF**

Comes now the Plaintiffs, by and through their attorneys Domiento C.R. Hill, Roxanne D. Neloms, and the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as follows that:

## JURISDICTION

1. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C Sections 1400-1461; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. Sections 794; 42 U.S.C. Section 1983; 28 U.S.C. Section 1331 and 1343 and 5 D.C. Municipal Regs. Sections 3000.1 et seq.

2. Declaratory relief is authorized by 28 U.S.C Sections 2201; 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

## PARTIES

4. Darius Hill initiates this cause of action on his on behalf and herein after is referred to as Darius and or "the student".

5. Darius' birth year is 1986 and at all times relevant to the filing of this suit, resides in the District of Columbia.

6. Defendant, the District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Act ("IDEA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEA.

7. Defendant, Michelle Rhee, being sued in her capacity as the Chancellor of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

**RELEVANT BACKGROUND**

8. Darius Hill (hereinafter "D.H" or "student") is a college age student who attended Duke Ellington School of the Arts.

9. Darius graduated from Duke Ellington in June 2005.

10. The student's last IEP was completed in March 2005 at Duke Ellington.

11. The student's IEP classified him as Learning Disabled.

12. The student was retained once in elementary school and once in junior high school.

13. The student exhibited reading problems from third grade until the present time.

14. Duke Ellington developed an IEP for the student to address his reading deficiencies.

15. According to the February 27, 2003, the student was reading on a 4th grade level.

16. The IEP/MDT team developed an IEP that prescribed 3.5 hours of specialized instruction per week.

17. Darius only had two short term objectives/goals on his 2005 IEP and the goals were not compatible with the areas of weakness noted on the evaluations.

18. Darius suffered deficits in the area of reading, specifically decoding and phonetic skills that hamper the student's ability to recognize and pronounce unfamiliar words. However, the goals listed are to choose a research topic, research it and complete an extensive research paper.

19. Upon graduating he had a grade point average of 2.611, although his reading/decoding skills were still seriously below level.

20. He enrolled in the Art Institute of Philadelphia for one year but was terminated in Spring 2006 for academic deficiency.

21. Darius wrote an appeal to the Appeal Panel at the Art Institute, however it was not

enough for him to be accepted back at the Art Institute.

22. The parent requested that her son be tested on numerous occasions before he was finally tested at Duke Ellington.

23. On January 29, 2007, the parent, by and through counsel, filed a due process complaint alleging that DCPS failed to develop an adequate IEP to address the student's disability is a violation of the IDEIA, seeking compensatory education services as relief.

24. On May 1, 2007, an administrative due process hearing was conducted and in a May 2007, a Hearing Officer Determination was issued, dismissing the complaint.

25. The hearing officer determined that the evidence presented was not sufficient for him to conclude that the student was denied FAPE by DCPS, stating that "as a special education student there is no guarantee the instruction a student will receive will help him or her reach any particular grade level of proficiency in reading."

26. The hearing officer also determined that the student's March 2005 IEP was appropriate.

27. On May 25, 2007, the parent, by and through counsel, filed a Motion for Reconsideration, after discovering subsequent to the hearing that the presiding hearing officer had an affiliation with the school and school personnel at Duke Ellington High School.

28. The hearing officer failed to advise either party that he had an affiliation with the school and school personnel in the complaint either before the beginning or during the hearing proceedings.

29. Parent's counsel stated that the hearing officer is governed by the Standard Operating

Procedures Manual and the American Bar Association's Code of Judicial Conduct, thus, the hearing officer had a duty to disqualify himself from deciding any matters for which he might have had a personal connection so as to avoid any appearance of impropriety or partiality.

30. On June 11, 2007, to dispel any appearance of impropriety, the hearing officer issued an order granting the Motion for Reconsideration and granted the petitioner a right to a de novo due process hearing on the original complaint.

31. Due to unforeseen circumstances the parent was not available for the hearing set for June 29, 2007.

32. An interim order was issued, and the de novo administrative due process hearing was set for July 17, 2007.

33. On July 9, 2007, DCPS filed a Motion to Dismiss the Petitioner's Complaint, DCPS counsel alleged that the complaint should be dismissed because the "SHO is the improper venue and does not have jurisdiction to conduct a 'de novo due process hearing.'"

34. The DCPS counsel also alleged that the complaint should be dismissed because the prior hearing was conducted by the SEA and the SHO is not a state or federal court.

35. The DCPS counsel further alleged that the "hearing officer does not have jurisdiction to hear a 'De Novo Due Process Hearing' request because all HOD's are final."

36. On July 17, 2007, the hearing officer vacated the July 17, 2007, administrative due process hearing and granted DCPS motion to dismiss and denied the case with prejudice.

## COUNT I

## HEARING OFFICER JUSTICE PEGUES ERRED IN GRANTING DCPS' MOTION TO DISMISS.

37. The parent re-alleges paragraphs 1-36.

38. Hearing Officer Justice Pegues vacated the July 2007 HOD that granted Darius' right to have his claim heard on by a neutral and impartial hearing officer.

39. She reasoned that parent's counsel should have challenged the issue of the assignment of the hearing officer before the hearing concluded.

40. However, parent's counsel was not aware of the relationship between the Hearing Officer and the school until sometime after the conclusion of said hearing.

41. Further, pursuant to §600.4 of the Standard Operating Procedures Manual, "no hearing officer may be employed by DCPS or any agency or organization involved with the care or education of the child in the case, have any other professional or personal interest that would conflict with his or her objectivity in the hearing…".

42. Thus, the hearing officer had a duty to recuse himself during May 1, 2007 hearing.

43. However, based on the motion for reconsideration filed by parent's counsel, he did in fact grant a motion for reconsideration for a de novo hearing.

44. Hearing Officer Justice Pegues erred in vacating the June 11, 2007 Order granting Darius the right to be heard on issues of compensatory education.

**Wherefore,** the plaintiff prays that this Court:

1. Reverse the July 20, 2007 Hearing Officer's Decision granting DCPS' motion to dismiss and find that Darius' due process rights were violated;

2. Remand for a hearing on the issue of entitlement to compensatory

education;

3. Award Plaintiff's attorney fees and costs of this action;

4. Award any other relief that the Court deems just and proper.

Respectfully submitted,

_____
Domiento C.R. Hill No. MD 14793
Roxanne D. Neloms  No. 478157
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
***Counsels for Plaintiffs***

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DARIUS HILL | DISTRICT OF COLUMBIA |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Domiento C.R. Hill, Esq.<br>Roxanne D. Neloms, Esq.<br>James E. Brown & Associates, PLLC<br>1220 L Street, NW Suite 700<br>Washington, DC 20005<br>(202) 742-2000 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ⊙ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. General Civil (Other) | OR | ☐ F. Pro Se General Civil |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act) |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 10/19/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DARIUS HILL,**
       Plaintiff(s),

vs.                        Civil Case No. 07-1894 (JR)

**DISTRICT OF COLUMBIA et al**
       Defendant(s).

## NOTICE REGARDING EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that exhibits to the Complaint, have been filed in paper form in a the Clerk's Office. It is available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

                                      **NANCY MAYER-WHITTINGTON**

                                              Clerk

October 19, 2007