UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DARIUS HILL,

        PLAINTIFF

        v.                             Civ. Action No. 07-1894(JR)

DISTRICT OF COLUMBIA,

        DEFENDANT.
_____

**DEFENDANT'S ANSWER TO COMPLAINT**

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Admitted that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"). The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

2. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

3. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

4. This statement is the pleader's characterization of the action to which no response is required. If a response is required, then the same is denied.

5. Admitted.

6. Admitted.

1

7. Admitted that Michelle Rhee is being sued in her capacity as the Chancellor of the District of Columbia Public School System ("DCPS"). The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

8. Admitted.

9. The March, 2005 Individualized Educational Plan ("IEP") speaks for itself. This allegation is the pleader's interpretation of the IEP to which no response is required. If a response is required, then the same is denied.

10. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

11. The February, 2003 psycho-educational evaluation speaks for itself. This allegation is the pleader's interpretation of the psycho-educational evaluation to which no response is required. If a response is required, then the same is denied.

12. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

13. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

14. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

15. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

16. The January 29, 2007 due process complaint speaks for itself. The remaining allegations are the pleader's interpretation of the complaint to which no response is required. If a response is required, then the same are denied.

17. Admitted.

18. The Hearing Officer's Determination ("HOD") speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

19. Plaintiff's Motion for Reconsideration ("Motion") speaks for itself. The remaining allegations are the pleader's interpretation of the Motion, and rationale for filing the Motion, to which no response is required. If a response is required, then the same are denied.

20. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

21. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

22. The HOD speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

23. Denied.

24. DCPS' Motion to Dismiss speaks for itself. The remaining allegations are the pleader's interpretation of the Motion to Dismiss to which no response is required. If a response is required, then the same are denied.

25. The July 17, 2007 HOD speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

26. In answer to this allegation Defendant incorporates, by references its answers to paragraphs 1-25 above.

27. The July, 2007 HOD speaks for itself. The remaining allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

28. The July, 2007 HOD speaks for itself. The remaining allegation is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same is denied.

29. Defendant lacks knowledge and information sufficient to enable it to respond to this allegation at this time.

30. The Standard Operating Procedures Manual ("SOPM") speaks for itself. The remaining allegation is the pleader's interpretation of the SOPM to which no response is required. If a response is required, then the same is denied.

31. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

32. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

33. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

34. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

35. The SOPM speaks for itself. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the
   District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two

                                        441 Fourth Street, N.W., Sixth Floor South
                                        Washington, D.C.  20001
                                        (202) 724-6651 (phone)
                                        (202) 727-3625 (facsimile)
                                        veronica2.porter@dc.gov

**November 20, 2007**