UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DARIUS HILL, :
:
      PLAINTIFF :
: Civ. Action No. 07-1894(JR)
      v. :
:
DISTRICT OF COLUMBIA, :
:
      DEFENDANT. :
_____

**DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL OF COMPLAINT**

The District of Columbia, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves for partial dismissal of the Complaint filed herein October 19, 2007. The grounds for Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities. An appropriate proposed order is also attached.

      Respectfully submitted,

      LINDA SINGER
      Attorney General for the
        District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General
      Civil Litigation Division

      */s/ Edward P. Taptich*_____
      EDWARD P. TAPTICH (012914)
      Section Chief
      Equity Section Two

2

                                        */s/ Veronica A. Porter*_____
                                        VERONICA A. PORTER (412273)
                                        Assistant Attorney General
                                        Civil Litigation Division
                                        Equity Section Two
                                        441 Fourth Street, N.W., Sixth Floor South
                                        Washington, D.C.  20001
                                        (202) 724-6651 (phone)
                                        (202) 727-3625 (facsimile)
                                        veronica2.porter@dc.gov

**November 27, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**DARIUS HILL,**                                           :
                                                                         :
        **PLAINTIFF**                      :
                                                                         :    Civ. Action No. 07-1894(JR)
        v.                                         :
                                                                         :
**DISTRICT OF COLUMBIA,**                  :
                                                                         :
        **DEFENDANT.**                     :
_____

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION FOR
### PARTIAL DISMISSAL OF COMPLAINT

Plaintiffs filed this action on October 10, 2007, seeking reversal of a July 20, 2007 Hearing Officer's Determination, and a remand of the matter for a de novo hearing.

The Complaint (paragraph 1) states that the Court has jurisdiction "pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sections 1400-1461; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. Sections (sic) 794; 42 U.S.C. Section 1983."

As shown below, however, Plaintiffs' Complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

### ARGUMENT

1. **To the extent the Complaint asserts rights under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiffs have failed to state a claim for which relief can be granted.**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. Bell Atlantic Corporation v. Twombly**,** 127 S. Ct. 1955, 1960 (May 21,

3

2007). "Asking for plausible grounds [] does not impose a probability requirement at the pleading stage. . . ." Id. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). See also Papasan v. Allain, 478 U.S. 265, 286 (1986).

While the Complaint asserts a cause of action under 42 U.S.C. §1983 (Complaint para. 1), that assertion of jurisdiction is plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See, e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). And as to a finding of liability under Section 1983 based on an IDEA violation, a four-part test must be met:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted).

The court in Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003), while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEIA claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. The same result, for the same reasons, was also reached in R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003); Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 10); Robinson v District of Columbia, Civ. No. 06-01253 (D.D.C., August 2, 2007)(slip op at 8); Abarca v District of Columbia, Civ. No. 06-01254 (D.D.C., June 29, 2006) (slip op at 5); Hinson v. Merritt Educational Center, Civ. No. 07-934 (D.D.C., November 13, 2007) (slip op at 9). Compare Bowman v. District of Columbia, Civ. No. 05-1933 (D.D.C., August 2, 2006)(slip op. at 5-7).

In this case, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

2. **To the extent the Complaint asserts rights under the Rehabilitation Act, 29 U.S.C. § 794, Plaintiffs have failed to state a claim for which relief can be granted.**

The Complaint's assertion of jurisdiction based upon Section 504 of the Rehabilitation Act (Complaint para. 1), is similarly deficient. First, that statute, 29 U.S.C.

5

§794 —intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action.

Even if Section 504 were deemed relevant in the context of an IDEIA claim, plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. See also Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006)(slip op. at 9; citing R.S. v. District of Columbia, supra); Hinson v. Merritt Educational Center, Civ. No. 07-934 (D.D.C., November 13, 2007) (slip op at 12). And plaintiffs must further demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. T.T. v. District of Columbia, Civ. No. 06-0207 LEXIS 42739 (D.D.C. 2007). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…"R.S. v. District of Columbia, supra. See also Monahan v. Nebraska, 687 F. 2d 1164, 1170-71 (8th Cir. 1982)(liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiff's Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. Complaint, generally. Without more, Plaintiff's failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in a dismissal of the complaint. See, Savoy-Kelly v. Eastern High School, supra, slip op. at 10; T.T. v. District of Columbia, supra; R.S. v. District of Columbia, supra. Compare Bowman v. District of Columbia, supra.

6

**CONCLUSION**

The complaint does not allege any of the elements necessary to establish liability under 42 U.S.C. §1983 or 29 U.S.C. §794. Accordingly, Defendants' motion for partial dismissal of the complaint should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two


/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**November 27, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**DARIUS HILL,**                    :
                                    :
      **PLAINTIFF**         :
                                    :   Civ. Action No. 07-1894(JR)
      v.                   :
                                    :
**DISTRICT OF COLUMBIA,**           :
                                    :
      **DEFENDANT.**        :
_____

## ORDER

On consideration of Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint, filed October 19, 2007, any opposition thereto, and the record herein, it is this

_____ day of _____, 2007,

**ORDERED**, that Defendants' motion is GRANTED; it is,

**FURTHER ORDERED**, that any claims pursuant to 42 U.S.C. § 1983 and 29 U.S.C. §794 are hereby dismissed with prejudice.

                                        _____
                                        U.S. DISTRICT COURT JUDGE