## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARIUS HILL,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 07-1894 (JR)** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA, et al** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

### PLAINTIFFS' OPPOSITION TO THE DEFENDANTS'
### MOTION TO DISMISS AND THE
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Plaintiffs, by and through their attorney, Roxanne D. Neloms  and

Domiento C.R. Hill,  James E. Brown & Associates, PLLC, hereby oppose the Defendant's

Motion to Dismiss filed herein against them by the Defendant for the reasons that are more

specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their

Opposition to the Motion to Dismiss and the Plaintiff's Motion for Summary Judgment  filed

contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

_____/s/_____
Roxanne D. Neloms [478157]
Domiento C.R. Hill[MD14793]
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
***Counsels for the Plaintiff***

1

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARIUS HILL,** | **:** | |
| | **:** | |
| **Plaintiff** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Civil Action No. 07-1894 (JR)** |
| **DISTRICT OF COLUMBIA, et al** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| _____ | **:** | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Plaintiffs, by and through their attorneys Roxanne D. Neloms and

Domiento C.R. Hill,  James E. Brown & Associates, PLLC, in their Memorandum of Points and

Authorities Submitted in Support of Their Opposition of Defendants' Motion to Dismiss and their

Motion for Summary Judgment, represent unto this Honorable Court as follows:

### I. INTRODUCTION

On January 29, 2007, a due process complaint was filed on behalf of Darius Hill, a

graduate of Duke Ellington. *__See Statement of Material Facts ¶ 1-5.__*  He alleged that he had been

denied access to a free and appropriate education while attending Duke Ellington, and as relief,

sought compensatory education services.  *__Id.__*  Shortly after the May 1, 2007 administrative due

process hearing, a hearing officer determination dismissed the complaint and found that the

evidence presented was not sufficient to conclude that Darius had been denied FAPE by DCPS.

*__See SMF 6.__*  More specifically, he stated that "as a special education student there is no guarantee

the instruction a student will receive will help him or her reach any particular grade level of proficiency in reading." *Id.*

Subsequent to the hearing, counsel for the student discovered that the presiding hearing officer had a personal affiliation with Duke Ellington High School, and immediately filed a motion for reconsideration alleging a "personal conflict of interest." *See SMF 7.* In her papers, counsel for Darius argued that in accordance with the applicable policies and procedures, the hearing officer failed to advise either party that he had an affiliation with the school and school personnel in the complaint, prior to or during the hearing proceedings. *Id.* She further argued that the hearing officer's conduct is governed by the Standard Operating Procedures Manual, as well as, the American Bar Association's Code of Judicial Conduct thereby positing a duty upon the hearing officer to recuse himself. *Id.*

To dispel the appearance of impropriety, the hearing officer issued a June 2007 HOD granting the Motion for Reconsideration which provided that had a Darius right to a de novo due process hearing on the original complaint. *See SMF 9.* While a de novo hearing was set for July 17, 2007, DCPS filed a motion, seeking a dismissal on the grounds that the Student Hearing Office was an improper venue and had no jurisdiction to grant a de novo hearing. *See SMF10.* Reasoning that parent's counsel should have challenged the issue of the assignment of the hearing officer prior to the conclusion of the May 1, 2007 administrative hearing, Hearing Officer Peagues vacated the June 2007 HOD that granted Darius a de novo impartial administrative due process hearing. *See SMF 11.* On October 19, 2007, Darius appealed the July 2007 HOD arguing that his rights under the Individuals with Disabilities Education Act of 2004 were violated when she denied his right to have a neutral and impartial hearing. *See October 2007 Complaint.*

After attending a scheduling conference, both parties engaged in settlement discussions and were unable to resolve the matter to the client's satisfaction. Thereafter Defendant's counsel filed a motion to dismiss arguing that all the relief sought had been offered. ***See Defendant's Motion to Dismiss.*** The Defendant's motion to dismiss should be denied as there is no basis to grant the motion to dismiss because the relief sought by the Plaintiff had not been offered. To wit, the Plaintiff's motion for summary judgment should be granted as the July 2007 HOD denied the Plaintiff's right to have an administrative due process hearing conducted by an impartial due process hearing officer.

## II. <u>STANDARD OF REVIEW</u>

### 1. Review of Administrative Decisions

The July 2007 HOD issued by a hearing officer Peagues denied the Plaintiff access to an administrative due process hearing when she vacated a June 2007 HOD that granted the Plaintiff a neutral and impartial due process hearing. ***See SMF 11.*** A party aggrieved by the findings and decisions rendered during the administrative due process proceedings is entitled to bring forth a civil action in either a state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415 (i)(2). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate." 20 U.S.C. § 1415 (i)(2); 34 C.F.R. §305.512(b)(3). The applicable standard of review requires that "a party challenging [an] administrative determination must [shoulder] the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." *See Kerkam v. McKenzie*, 862 F.2d

4

884, (D.C. Cir. 1989) ("Kerkam I"). Thus, an administrative determination "without reasoned and specific findings deserves little deference." *See Kerkam v. Superintendent*, D.C. Pub. Schs., 931 F. 2d 84, 87 (D.C. Cir. 1991) ("Kerkam II").

In interpreting "the preponderance standard of review", the Supreme Court noted in Rowley, that it is not a review that equates into an "unfettered de novo review". *See Board of Educ. Hendrick Hudson Central School Dist. Westchester County v. Rowley*, 458 U.S. at 206, 102 S. Ct. 3034; Courts must give administrative proceedings "due weight,"(*see also Simmons v. District of Columbia*, 355 F.Supp 2d. 12 (D.D.C 2004)) and [f]actual findings from administrative proceedings are considered prima facie correct." *Id.* (Quoting *S.H. v. State Operated Sch. Dist. of the City of Newark*, 336 F. 3d 260, 270 (3d Cir. 2003)). Courts may not substitute their own views for [that] of the hearing officer, (*id.* at *Rowley* 206; *see also Argueta v. Government of the District of Columbia,* 355 F. Supp. 2d. 408 (D.D.C 2005)*; Shaw v. Dist of Columbia*, 238 F. Supp. 2d 127, 135 (D.D.C. 2002)), and a court upsetting a hearing officer's decision "must a least explain its basis for doing so." *District of Columbia v. Ramirez* , 355 F.Supp. 2d. 63 (D.D.C 2005).

The July 2007 decision is not based in reason and logic and therefore the Court does not have to accord results of that decision with "due weight"; therefore, the decision must be reversed and vacated.

### III. ARGUMENT

### *1. Motion to Dismiss*

In this matter, the Court must deny the Defendant's motion to dismiss as the Plaintiff has stated a claim upon which relief can be granted. On May 25th, 2007, counsel for the Plaintiff filed

a Motion for Reconsideration, seeking reversal of a May 2007 HOD, which dismissed the Plaintiff's request for compensatory education services. ***See Complaint Ex. 10.*** The basis of the motion centered on the notion that the Plaintiff had not received a neutral and impartial hearing because the hearing officer had a personal and professional relationship with the school and failed to disclose that relationship prior to the hearing taking place. ***Id.*** In granting the motion for reconsideration, the hearing officer granted the Plaintiff a de novo hearing and prior to the hearing, a July 2007 HOD vacated and dismissed with prejudice, the June 2007 HOD that granted the Plaintiff access to a de novo hearing by a neutral and impartial hearing officer. ***See Complaint Ex. 4 & 3.*** This dismissal clearly violated the Plaintiff's due process rights. A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)).

### a. <u>*Refusal to accept a proposed settlement is not a basis for granting a motion to dismiss.*</u>

Prior to the Defendant filing the motion to dismiss, the parties began settlement negotiations with the aim of entering into a legally binding settlement agreement. Unfortunately, the parties were unable to reach a compromise or an agreement. However, the Defendant subsequently filed a motion to dismiss claiming it had offered to resolve the matter by providing all the relief sought. Since settlement negotiations are inadmissible and can not reasonably support the basis for a motion to dismiss, the Defendant's motion must be denied. Specifically, Rule 408 provides "...Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or promising to accept, a valuable consideration in compromising or attempting to

compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or the invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible..." *Id*; see also U.S. v. Reserve Min. Co., D.C. Minn. 1976, 412 F. Supp. 705, affirmed and remanded on other grounds 543 F.2d 1210, on remand 431 F. Supp. 1248(purpose of privilege surrounding offers of compromise is to encourage free and frank discussions with a view toward settling dispute. . . .); *In re A.H. Robins Co., Inc.*, E.D. Va 1994, 197 B.R. 568 (Federal evidence rule governing offers of compromise aims to foster settlement discussions in individual lawsuit, and therefore insulates particular parties to settlement discussion from possible adverse consequences of their frank and open statements).

While Plaintiff's counsel opine that settlement discussions are inadmissible and therefore serve as an inappropriate foundation for a motion to dismiss, Plaintiff's counsel seeking reimbursement for minimal reasonable attorneys fees and cost associated with litigating this matter hardly serves as a reason to dismiss this claim. Nonetheless, the Court should deny the Defendant's Motion to Dismiss as the Defendant has not presented an argument, legal or factual, which would obviate denial of the Plaintiff's claim and furthermore Plaintiff's complaint consist of a claim upon which relief can be granted.

### 2. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the pleadings and the evidence demonstrate that "...there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists..." The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The party seeking summary judgment may successfully support its motion by informing the district court of the basis of its motion and identifying those portions of the record including the pleadings, depositions, answers to interrogatories, as well as admissions on file together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c). There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50. "Summary judgment is appropriate if the non-movant fails to offer' evidence on which the jury could find for the [non-movant]." See *Holbrook v. Reno,* 196 F.3d 255, 259-60(D.C. Cir. 1999); *see also Anderson, supra.,* at 249-50.

Once  a proper summary judgment motion is filed, the burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED.R.CIV. P. 56(e); *Anderson*, 477 U.S. at 250. The non-moving party, to establish that a genuine issue for trial exists, must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

**b. *Hearing Officer Peagues' arbitrary decision to vacate and dismiss the July 19, 2007 de novo hearing denied the Plaintiff a neutral and impartial hearing.***

The Plaintiff's motion for summary judgment should be granted be granted because the July 2007 HOD violated the Plaintiff's due process rights, which states that administrative due process hearings should be conducted in the presence of a neutral and impartial due process hearing officer. That order dismissed and vacated the June 2007 HOD that granted the Plaintiff a de novo due process hearing, finding that the Plaintiff failed to introduce sufficient evidence that the Hearing Officer had a personal or professional interest that conflicted with his objectivity prior to the hearing. However, this argument is nonsensical since the Plaintiff did not obtain information on the hearing officer's personal and professional affiliation with Duke Ellington until after the hearing. The pertinent law states that those persons conducting hearings shall not be "a person having a personal or professional interest that conflicts with the persons objectivity in the hearing . . . ." See 20 U.S.C. 1415(f)(3). In addition, §600.4 of DCPS' Standard Operating Procedures Manual states that "no hearing officer may be employed by DCPS or any agency or organization involved with the care or education of the child in the case, have any other professional or personal interest that would conflict with his or her objectivity in the hearing…". See *also Pine Bush Central Sch. Dist*., 401 IDELR 270, (NY 1988). The Code on Conduct additionally concludes that the duty to recuse lies with the hearing officer.

Hearing Officer Peagues failed to note two things- 1) the hearing officer that decided the June 2007 HOD ***had a duty recuse himself*** prior to the hearing so as to extinguish the view of impartiality and 2) the hearing officer, himself, ***agreed he had a duty to recuse himself***, noting in the June 2007 HOD that in order to dispel any appearance of impropriety, he would grant a de

9

novo due process hearing on the complaint. ***See Complaint Ex 4.*** Hearing Officer Peagues decision to vacate the June 2007 HOD impeded the Plaintiff's right to a neutral and impartial hearing. The June 2007 HOD rectified the situation by granting the Plaintiff a de novo hearing. The Court should grant the Plaintiff's motion for summary judgment as there is no genuine issue of material fact.

## IV. CONCLUSION

Based upon the foregoing, the Plaintiff has amply demonstrated that he can withstand a motion to dismiss as he has stated a claim upon which relief can be granted. In addition, the Plaintiff has further demonstrated that his motion for summary judgment should be granted as noted above, his due process rights were violated because he did not have access to a neutral and impartial due process hearing request. In addition, the Plaintiff request reasonable attorney's fees for litigating this matter.

Respectfully submitted,

_____
/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill[MD14793]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202) 742-2000 (202) 742-2098 (fax)
***Counsels for Plaintiff***

**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DARIUS HILL,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 07-1894 (JR)** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA, <u>et al</u>** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

**PLAINTIFF'S STATEMENT OF
<u>MATERIAL FACTS NOT IN DISPUTE</u>**

1.    Darius Hill graduated from Duke Ellington School of Arts in June 2005.  He received specialized instruction for 3.5 hours and was classified as Learning Disabled.  ***See Complaint Exhibit at 1.***

2.    While attending DCPS schools he was retained twice and continued to exhibited severe reading problems throughout the remainder of his attendance to school. *Id.*

3.    At the time of graduation, his grade point average was 2.611, despite reading/decoding skills being on a fourth grade reading level.  ***Id.***

4.    He began his post secondary course work at the Art Institute of Philadelphia, but was terminated in Spring 2006 for academic deficiency. He sought re-enrollment but was denied.  ***Id.***

5.    On January 29, 2007, and administrative due process complaint was filed alleging that Darius had been denied access to a free and appropriate education while attending Duke Ellington and sought compensatory education services.  ***Id.***

6.      A May 2007 Hearing Officer Determination dismissed the complaint finding that the evidence presented was not sufficient to conclude that Darius had been denied FAPE. ***See Complaint Ex. 7.***

7.      Subsequent to the hearing, counsel for the parent, became aware that the hearing officer, who presided over Darius' hearing had an affiliation Duke Ellington . She immediately filed a motion for reconsideration alleging the "personal conflict of interest." ***See Complaint Ex. 10.***

8.      She noted that the hearing officer failed to advise either party of his affiliation with the school and school personnel in the complaint, prior to or during the hearing proceedings. ***Id.***

9.      In a June 11, 2007 Order, the hearing officer granted Darius' motion for reconsideration and set the matter for a de novo hearing. The hearing was set for July 17, 2007. ***See Complaint Ex. 4.***

10.     However, on July 9, 2007, DCPS filed a Motion to Dismiss on the grounds that the Student Hearing Office was an improper venue and no jurisdiction existed to order a de novo hearing. ***See Complaint Ex. 12.***

11.     On July 17, 2007, the hearing officer vacated the July 17, 2007, administrative due process hearing and granted DCPS motion to dismiss and denied the case with prejudice finding that parent's counsel should have challenged the issue of the assignment of the hearing officer before the hearing concluded. ***See Complaint Ex. 13.***

[signature page to follow]

Respectfully submitted,


_____/s/_____
Domiento C.R. Hill No. MD 14793
Roxanne D. Neloms  No. 478157
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
 Washington, DC 20005
 (202)742-2000 (Tele.)
 ***Counsels for Plaintiff***

_____