UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARIUS HILL,                                 :
                                             :
        Plaintiff                            :
                                             :        Civil Action No. 07-1894 (JR)
        v.                                   :
                                             :
DISTRICT OF COLUMBIA, et al                  :
                                             :
        Defendants.                          :
                                             :
_____             :

### PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REPLY TO THE DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

        The Plaintiff, by and through his attorneys, Roxanne D. Neloms and Domiento C.R.

Hill, James E. Brown & Associates, PLLC, respectfully move this Court to grant summary

judgment in its favor and deny the Defendants' motion to dismiss.  As previously established

in its prior motions, the challenged administrative determination was erroneous and

accordingly, this Court should reverse the July 2007 HOD.

                                        Respectfully submitted,


                                        _____/s/_____
                                        Roxanne D. Neloms [478157]
                                        Domiento C.R. Hill[MD14793]
                                        1220 L Street, N. W., Suite 700
                                        Washington, D.C. 20005
                                        202.742.2000
                                        202.742.2098 facsimile
                                        *Attorneys for the Plaintiff*

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DARIUS HILL,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | :    **Civil Action No. 07-1894 (JR)** |
| **DISTRICT OF COLUMBIA, et al** | : |
| | : |
| **Defendants.** | : |
| | : |
| _____ | : |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' CROSS MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFF'S REPLY TO THE DEFENDANTS'
OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. ARGUMENT**

In its papers, the Defendants argue that the Plaintiff "failed to prove that a conflict of interest affected Hearing Officer Ruff's objectivity; therefore [he had] no duty to recuse" and moreover, the hearing officer had no authority to grant the relief sought by the Plaintiff.  Based on the foregoing, this Court should deny the Defendant's motion for summary judgment and its motion to dismiss.  In support of this position, the Defendant notes that Hearing Officer Justice -Pegues stated "[a]ssuming arguendo, the Hearing Officer had an affiliation with the school personnel, Petitioner failed to introduce sufficient evidence that the Hearing Officer had a personal or professional interest that conflicted with his objectivity in the hearing, requiring that he disqualify himself from the hearing, as required by IDEA.  ***See July 17, 2007 HOD***.  This argument holds no merit as there is no burden on the Plaintiff to demonstrate that a conflict of interest affected Hearing Officer Ruff's objectivity, as the duty to recuse, resided with Hearing

2

Officer Ruff. The Plaintiff's burden would have materialized once the hearing officer denied the Plaintiff's request.

In the Plaintiff's Motion for Reconsideration, the Plaintiff argued that "at no time before or during the hearing did the hearing officer advise either party that had an affiliation with the school and the school personnel." Thus the Plaintiff could not have sought recusal of Hearing Officer Ruff when the knowledge regarding his affiliation did not become apparent until well after the hearing. Pursuant to the DCPS' Standard Operating Procedures Manual, the hearing officers are to rely on the American Bar Association Code of Judicial Ethics and under the Code of Judicial Ethics, judges have the duty to recuse themselves if there is a conflict of interest. Here, Hearing Officer Ruff failed to inform the parties of his affiliation with Duke Ellington Senior High School prior to and/ or during the hearing and thus failed to recuse himself as the Code of Ethics require.

The Defendants further argue that Hearing Officer Ruff had no authority to grant the relief requested in the Plaintiff's motion for reconsideration. The Defendants posit that the Plaintiff's motion failed " to address one issue that factored into Hearing Officer Justice-Peques' decision to dismiss the Plaintiff's complaint: the finality of a Hearing Officer's Determination." The Defendants argue that the Standard Operating Procedures does not allow for a hearing officer to grant de novo hearings. However, the finality of a hearing officer's determination may be viated by a motion for reconsideration. The Standard Operating Manual provides that " if a motion for reconsideration is granted, the Hearing Officer may reopen the record in the matter, amend the findings of facts and conclusions of law, correct errors and mistakes, or make new findings of facts, conclusions of law issue a new order." *See SOP section 1005.* In noting, that the Plaintiff

did not request Hearing Officer Ruff to "amend findings of facts, correct errors, or make new findings and conclusions of law" nor argue the legal sufficiency of the May 2007 HOD, the Defendants assume that the hearing officer could not have issued an order awarding a new hearing. This argument lacks merit because the Plaintiff sought a motion for reconsideration to *correct an error and a mistake*. As noted earlier, knowledge of the hearing officer's affiliation with Duke Ellington SHS did not become apparent until after the hearing and as further noted in the Code of Judicial Conduct, the hearing officer has a duty to recuse himself to dispel any impropriety. Thus, the hearing officer, in issuing a new order, corrected his error and/or mistake and granted the Plaintiff a new hearing. The Defendants desire this Court to engage in a narrow reading of this section, as indicated in the SOP; however, the Plaintiff believes that such a narrow reading is not warranted. All points were met with respects to the granting of the Plaintiff's motion for reconsideration as Hearing Officer Ruff did not exceed the scope of his authority. He issued a new order as permitted by the SOP, and that new order granted a new hearing in front a new hearing officer.

In addition, the Defendants argue that a motion to dismiss should be granted because the July 2007 HOD is legally sufficient and further claims that she is puzzled by the Plaintiff's insertion regarding fees since the Defendant offered a new hearing. To clear up any confusion on behalf of the Defendants: as relief in his complaint, the Plaintiff sought a new hearing and reimbursement of reasonable attorneys fees; the Defendants offered a new hearing and refused reimbursement of reasonable attorneys fees. Soon after the Defendants filed a motion seeking dismissal of the claim. Nonetheless, a Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)).

The Defendants have failed to set forth a meritorious reason for granting its motion to dismiss or its motion for summary judgment. The Plaintiff has stated a claim upon which relief can be granted and such this Court should deny the Defendants' Motion to Dismiss as there is no basis to grant the motion.

## II. <u>CONCLUSION</u>

Based upon the foregoing, the Plaintiff has amply demonstrated that he can withstand a motion to dismiss as he has stated a claim upon which relief can be granted. In addition, the Plaintiff has further demonstrated that his motion for summary judgment should be granted as noted above, his due process rights were violated because he did not have access to a neutral and impartial due process hearing request. In addition, the Plaintiff request reasonable attorney's fees for litigating this matter.

Respectfully submitted,

_____/s/_____
Roxanne D. Neloms [478157]
Domiento C.R. Hill[MD14793]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005
(202) 742-2000 (202) 742-2098 (fax)
***Attorneys for Plaintiff***

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARIUS HILL,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 07-1894 (JR)** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA, et al** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF
## MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Plaintiff has reviewed Defendants facts, paragraphs 1-11, and finds them to be accurate and

immaterial to the issue before this Court.  With exception of paragraph 12, the Plaintiff submits that

the appealability of May 2007 HOD is not at issue, because the Plaintiff sought reconsideration of

said HOD and was granted a new hearing.

Respectfully submitted,


_____ /s/ _____

Roxanne D. Neloms  No. 478157
Domiento C.R. Hill No. MD 14793
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
***Attorneys for Plaintiff***

_____