UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARIUS HILL, | : |
| PLAINTIFF, | : |
| v. | : Civ. Action No. 07-1894(JR) |
| DISTRICT OF COLUMBIA, | : |
| DEFENDANT. | : |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

In its Cross Motion for Summary Judgment ("Motion") filed herein February 25, 2008, Defendant argued that since Plaintiff did not prove the existence of a conflict of interest that affected the Hearing Officer's objectivity, the Hearing Officer did not have a duty to recuse himself. *Motion, pp. 12-13.* In Plaintiff's "Opposition to the Defendants' Cross Motion for Summary Judgment," ("Opposition"), filed herein March 7, 2008, Plaintiff counters that "there is no burden on the Plaintiff to demonstrate that a conflict of interest affected Hearing Officer Ruff's objectivity, as the duty to recuse, resided with Hearing Officer Ruff." *Opposition, p. 2.* Plaintiff clearly has a misunderstanding of the law in this area.

20 U.S.C. §1415(f)(3)(A)(i) provides that the hearing officer conducting a due process hearing shall not be a person having a personal or professional interest ***that conflicts with the person's objectivity in the hearing.*** "Objectivity" is the operative word. Thus, there is no reason for a hearing officer to recuse himself if his *objectivity* has

1

not been compromised, and a hearing officer's *objectivity* is not compromised unless there is a conflict of interest.

In this jurisdiction, the Court has held that a recusal is appropriate if a judge—or hearing officer in this instance—has "personal knowledge of *disputed evidentiary facts* gained in an extrajudicial capacity." See United States v. Pollard, 959 F.2d 1011, 1031 (D.C.Cir. 1992). In this case, Plaintiff is not even alleging that Hearing Officer Ruff was in possession of *disputed evidentiary facts* that may have clouded his judgment. Rather, Plaintiff's alleged conflict lies in the fact that the hearing officer's children also attended the Duke Ellington School. This tangential "affiliation" does not a conflict make, and certainly does not necessitate a recusal.

Hearing Officer Ruff's objectivity was not compromised. Therefore, he had no duty to recuse himself.

In its Motion, Defendant further argued that Hearing Officer Ruff did not have the authority to grant a "de novo" hearing—the relief requested in Plaintiff's motion for reconsideration, because a motion for reconsideration only permits a hearing officer to reopen the record to "amend the findings of fact and conclusions of law, correct errors or mistakes, or make new findings of fact, conclusions of law and issue a new order." *Motion, pp. 13-14.* In Plaintiff's Opposition, Plaintiff states that Defendant's argument is without merit because the purpose of his motion for reconsideration was to "correct and error or mistake." *Opposition, p. 4.* Plaintiff's argument is unpersuasive.

First, the "errors or mistakes" referred to in the Special Education Student Hearings and Appeals, Standard Operating Procedures ("SOP") are errors that are clerical in nature. Second, and more important, Plaintiff neither claims that the hearing officer

2

committed an error or mistake, nor cites SOP §1005, which permits a hearing officer to correct an error or mistake—further evidence that Plaintiff's purpose in filing the motion for reconsideration **was not** to ask the hearing officer to correct an error or mistake. *Motion, Exhibit 8.* Rather, Plaintiff argues that the hearing officer should have recused himself from the administrative proceedings.

In conclusion, Plaintiff did not show that the hearing officer's impartiality was compromised, so there was no duty to recuse himself. In addition, the hearing officer did not have the authority to grant a de novo hearing. Accordingly, the July 17, 2007 Hearing Officer's Determination must be upheld, Defendant's Motion must be granted, and Plaintiff's complaint must be dismissed with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**March 14, 2008**